# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OFK ENTUCKY
# BOWLING GREEN DIVISION

**DONNIE W. BATTLE**                                                                                            **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:18-CV-51-GNS**

**VETERANS AFFAIRS et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Because *pro se* Plaintiff, Donnie W. Battle, is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff will be given an opportunity to provide additional information.

## I. SUMMARY OF CLAIMS

Plaintiff names as Defendants "Veterans Affairs" and the "U.S. Government." In the Statement-of-Claim portion of the complaint form, Plaintiff states: "urinate blood[;] wart on ear[;] if I have awlready got cancer one million dollar[.]" In the portion of the complaint form in which to list the federal statutes, treaties, and/or constitutional provisions at issue in this case, Plaintiff states: "Veterans Affairs it take 2 yrs to get a app. Veterans Affairs it take 2 mo. to get a [illegible]. 35 mile always. V.A. take 6 mo and still gone on. A place on my ear that can be cancer."

## II. ANALYSIS

Upon review under § 1915, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

It appears that Plaintiff is bringing suit for medical malpractice regarding his medical conditions (blood in his urine and a "wart on ear") either for treatment he received or did not receive or was delayed in receiving. "When a veteran is injured at a medical center operated by the United States Department of Veterans Affairs . . . he may file for two different types of recovery: disability benefits under 38 U.S.C. § 1151 and medical malpractice tort remedies under the Federal Tort Claims Act ('FTCA')." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Here, the complaint makes no mention of disability benefits. Accordingly, the Court construes the complaint as one brought under the FTCA.

However, the FTCA bars claimants from bringing a lawsuit against the United States for monetary damages until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a). Accordingly, a plaintiff cannot institute a lawsuit against the United States for monetary damages based on personal injury:

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]

*Id*. More specifically, a claimant may not file a lawsuit against the United States until either: (1) an agency denied relief in writing and sends its decision to the claimant by certified or registered mail or (2) an agency fails to make a final decision on the claim within six months after it is filed. *Id*. The need to exhaust administrative remedies is a jurisdictional requirement; consequently, if a plaintiff fails to exhaust his or her administrative remedies, then the Court lacks subject-matter jurisdiction to entertain the claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). That is, it simply has no power to hear the case at all.

There is no indication in the complaint that Plaintiff submitted his claims to the Department of Veterans Affairs prior to bringing the instant lawsuit. However, the Court will give Plaintiff an opportunity to inform the Court whether he has exhausted his administrative remedies.

### III. ORDER

**IT IS ORDERED** that **within 30 days** of entry of this Memorandum Opinion and Order Plaintiff shall inform the Court whether he has exhausted his administrative remedies related to the claims in his complaint.

Plaintiff is **WARNED** that failure to comply will result in dismissal of this action.

Date: August 13, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.009

3