UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

DONNIE W. BATTLE                                                                             PLAINTIFF

v.                                                CIVIL ACTION NO. 1:18-CV-51-GNS

VETERANS AFFAIRS et al.                                                  DEFENDANTS

**MEMORANDUM OPINION**

On initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court provided Plaintiff with an opportunity to inform the Court whether he exhausted his administrative remedies related to the claims in his complaint. Plaintiff has responded (DN 6).

Plaintiff's complaint names as Defendants "Veterans Affairs" and the "U.S. Government," and the Court interprets the complaint to be one for medical malpractice regarding his medical conditions (blood in his urine and a "wart on ear") either for treatment he received or did not receive or was delayed in receiving by the Veterans Administration. As the Court explained in its initial Memorandum Opinion and Order, "when a veteran is injured at a medical center operated by the United States Department of Veterans Affairs . . . he may file for two different types of recovery: disability benefits under 38 U.S.C. § 1151 and medical malpractice tort remedies under the Federal Tort Claims Act ('FTCA')." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Because the complaint makes no mention of disability benefits, the Court construed the complaint as one brought under the FTCA.

As also explained previously, the FTCA bars claimants from bringing a lawsuit against the United States for monetary damages until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a). Accordingly, a plaintiff cannot not file a lawsuit against the United States until either: (1) an agency denied relief in writing and sends its decision to the claimant by

certified or registered mail or (2) an agency fails to make a final decision on the claim within six months after it is filed. *Id*. The need to exhaust administrative remedies is a jurisdictional requirement; consequently, if a plaintiff fails to exhaust his or her administrative remedies, then the Court lacks subject-matter jurisdiction to entertain the claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

In response to the Court's order giving Plaintiff an opportunity to inform the Court whether he had exhausted his administrative remedies before filing this action, Plaintiff submitted a copy of a Privacy Act release form for U.S. Senator Rand Paul to make inquiries to the Veterans Administration. Thus, Plaintiff has not shown that he exhausted his administrative remedies prior to filing this action. First, that form is dated September 6, 2018, *i.e.*, after he filed his complaint in this Court. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . , unless the claimant shall have *first* presented the claim to the appropriate Federal agency . . . .") (emphasis added); *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (per curiam) (holding "the FTCA requires a plaintiff to exhaust administrative remedies prior to instituting such a lawsuit"). Second, the submission of this form in no way is a denial of relief by the agency, here the Veterans Administration, in writing and sent to Plaintiff by certified or registered mail or a showing that the Veterans Administration failed to make a final decision on a claim filed by Plaintiff with the VA for over six months after it was filed as required for his claim to be exhausted.

As stated above, because Plaintiff has not exhausted his administrative remedies, the Court lacks subject-matter jurisdiction to consider Plaintiff's complaint. *See, e.g.*, *Robles v.*

*Beaufort Mem'l Hosp.*, 482 F. Supp. 2d 700, 706 (D.S.C. 2007) ("[I]f the plaintiff has not exhausted his or her administrative remedies, the court must dismiss for lack of subject matter jurisdiction."). Accordingly, by separate Order, the Court will dismiss this action for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Date: September 27, 2018

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants

4416.009